35

DET034685

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

BRENDA K. SANDERS

        Plaintiff,

vs.

PFG MORTGAGE TRUST 1, GREEN PLANET
SERVICING, LLC., JANET SYKES, CENTURY 21
ELEGANT HOMES, ROUNDPOINT MORTGAGE and
TWIN VIEW, LLC, Jointly and Severally,

        Defendants.

Case:2:11-cv-13884
Judge: Rosen, Gerald E.
MJ: Hluchaniuk, Michael J.
Filed: 09-07-2011 At 10:06 AM
CMP Sanders v Century 21 Elegant Ho
mes, et al (tam)

There is no other civil action between these parties arising out of the same transaction or
occurrence as alleged in this complaint pending in this court, nor has any such action been
previously filed and dismissed or transferred after being assigned to a judge nor do I know of any
other civil action, not between these parties, arising out of the same transaction or occurrence as
alleged in this complaint, that is either pending or was previously filed and dismissed, transferred,
or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT

       NOW COMES the Plaintiff, Brenda Sanders, in Pro Per and complains against PFG

Mortgage Trust 1, Green Planet Servicing, LLC., Century 21 Elegant Homes, Twin View, LLC.,

Roundtree Mortgage, and Janet Sykes as follows:

       1.    That the Plaintiff is domiciled in the City of Detroit, County of Wayne, State of

Michigan.

       2.    That the Defendant, Century 21 Elegant Homes, Inc. is a corporation doing

business in the City of Southfield, County of Oakland, State of Michigan.

       3.    That the Defendant, Janet Sykes, resides in the City of Farmington Hills, County of

Oakland, State of Michigan.

       4.    That the Defendant, Twin View, LLC, is a Michigan Limited Liability Company

4.      That the Defendant, Twin View, LLC, is a Michigan Limited Liability Company doing business in the State of Michigan.

5.      That the Defendant, Green Planet Servicing, LLC is a Limited Liability Company of the State of Connecticut, doing business in the City of Detroit, State of Michigan.

6.      That the Defendant, Green Planet Servicing. LLC is the alleged owner of the property situated at 115 Sandbar Lane, Detroit, Michigan 48214.

7.      That the Defendant, PFG Mortgage Trust 1 is claiming an ownership interest in the subject real property through a prior mortgage, but which may currently be superceded by an illegal mortgage lien placed on the property by Roundtree Mortgage.

8.      That Roundtree Mortgage is a holder of a present mortgage on the subject real property situated in and operating in the State of North Carolina.

9.      That Clyzell Phillips and Carol F. Phillips were the prior mortgagees in possession of the subject real property who are current residents of the City of Detroit, County of Wayne State of Michigan.

10.     That the subject lawsuit revolves around real property, situated in the City of Detroit, County of Wayne, State of Michigan. Morgan Waterfront situated in Detroit, Michigan.

11.     That on or about July 26, 2010, the Defendant, Janet Sykes, as agent and broker for Century 21 Elegant Homes and Green Planet Servicing, LLC, entered into a lease agreement with a first option to purchase said real property (115 Sandbar Lane, Detroit, Michigan) with the Plaintiff.

12.     That the Plaintiff commenced monthly lease payments in the amount of Fifteen Hundred ($1,500.00) Dollars pursuant to the lease agreement to Century 21 Elegant Homes.

13.     That shortly thereafter, the Defendant, Janet Sykes, directed that all lease

payments be paid directly to the entity of the Defendant, Twin View, LLC.

14.     That at the time of the request to the Plaintiff, the Plaintiff was unaware that the founder and sole officer of Twin View, LLC was the Defendant, Janet Sykes.

15.     That initially, the Defendant acting as agent and broker for Century 21 Elegant Homes for Green Planet Servicing, LLC (hereinafter referred to as Green Planet) and/or PFG Mortgage Trust 1, and indicated that the property was for sale for $550,000.00, on land contract or mortgage terms.

16.     That these terms for purchase were communicated to the Plaintiff by the Defendants, Century 21 Elegant Homes and, Janet Sykes on or about the week of June 7, 2010.

17.     That subsequent to the above-referenced time the Plaintiff discovered that the subject real property was listed in the immediate previous months for $295,000.

18.     That upon communication of these revelations to the Defendant, Janet Sykes, Defendant Sykes offered to withdraw the offer to sell the property and instead, lease the property to the Plaintiff with an option to purchase said real property.  (See attached Exhibit A)

19.     That on or about August 4, 2010, the Plaintiff obtained possession of the said property and commenced her tenancy pursuant to the lease agreement with Century 21 Elegant Homes for Green Planet Servicing, LLC and or PFG Mortgage Trust 1.

20.     That on or about March 14, 2011, the Defendant, Janet Sykes indicated to the Plaintiff that the property was not for sale.

21.     That the Plaintiff leased the subject real property with an expectation and reliance on the Defendants' representations to allow her to purchase the property.

22.     That the Defendant, Janet Sykes, acting personally and as agent for Century 21 Elegant Homes and Green Planet Servicing, LLC and or PFG Mortgage Trust, 1, making said

3

representations that the property would be available for purchase at the termination of the lease agreement which induced the Plaintiff to enter into the lease agreement.

23.     That furthermore, the Defendant, Janet Sykes, indicated that the Plaintiff's lease payments could be credited toward the required down payment for the mortgage loan or land contract purchase of the property.

24.     That on or about January 22, 2011, the Plaintiff received mortgage related documents for the subject real property from an entity entitled "Roundtree Mortgage Corporation".

25.     That on or about January 6, 2011, the Plaintiff determined that delinquent property taxes had affected a tax forfeiture on the subject real property.

26.     That shortly thereafter, the Defendant, Janet Sykes, sent an email communication to the Plaintiff, describing that the subject real property was not in tax foreclosure and that there were no delinquent taxes owing on the property.

27.     That the Defendant, Janet Sykes, using the entity of Twin View, LLC received one hundred percent of the payments under the lease agreement, unbeknownst to the Plaintiff at the time of the subject lease payments.

28.     That the Defendant, Janet Sykes failed to disclose to the Plaintiff the subject real property was in tax foreclosure.

29.     That the Defendant, Janet Sykes, failed to disclose to the Plaintiff that there was $5,000.00 of association fees due and owing on the subject real property.

30.     That the Defendant, Janet Sykes, on behalf of Twin View, LLC, Century 21 Elegant Homes, Inc. and Green Planet and or PFG Mortgage Trust 1, failed to notify the Plaintiff prior to entering the lease agreement that over Fifteen ($1,500.00) Hundred Dollars was due and

owing on a delinquent water bill to the City of Detroit Water and Sewerage Department.

## COUNT ONE.
## **BREACH OF CONTRACT**

31.     Plaintiff incorporates by reference paragraphs 1 through 26 of this Complaint as though fully stated herein.

32.     That the Defendant, Janet Sykes, acting as agent and broker for Century 21 Elegant Homes and Green Planet and/or PFG Mortgage Trust 1, and in her assumed role as the sole proprietor of Twin View, LLC, breached the lease agreement by denying the Plaintiff an opportunity to purchase the subject real property and has refused to enter purchase negotiations as required by the lease agreement. That the Defendant, Janet Sykes, acting as agent and broker for Century 21 Elegant Homes and Green Planet and/or PFG Mortgage Trust 1, and as sole proprietor for Twin View, LLC, has steadfastly maintained that subject property is not for sale for her own personal gain and for the reason that she wants to continue receiving one hundred (100%) of the rental proceeds without honoring the promise to s ell the property at the end of the instant lease agreement.

33.     That the Plaintiff was induced to lease said property due to the Defendants' promise to offer the sale of the property at the end of the leasehold.

34.     That the Plaintiff timely tendered all payments in accord with the lease contract until on or about March 1, 2011 when the Plaintiff discovered that property taxes has caused a tax foreclosure on the subject real property.

35.     That said property tax foreclosure will cause the Plaintiff to lose her opportunity to purchase the subject real property which further breaches the lease agreement and purchase options.

WHEREFORE, the Plaintiff requests that this Honorable court award compensatory

damages that will fully and fairly compensate her for her injuries, losses, and damages, pursuant to the jurisdiction of this court in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus costs, interest, and attorney fees or less, and other relief that is fair, just and equitable under the circumstances.

COUNT II
**FRAUD AND MISREPRESENTATION**

36.     Plaintiff incorporates by reference paragraphs 27 through 30 of this Complaint as though fully stated herein.

37.     That the Defendant, Janet Sykes, acting as the agent and broker for Century 21 Elegant Homes, Inc. Green Planet Servicing, LLC and/or PFG Mortgage Trust 1 and Twin View, LLC, misrepresented the status of the sale of the subject real property.

38.     That the Defendant, Janet Sykes, acting as the agent and broker for Century 21 Elegant Homes, Inc., Green Planet Servicing, LLC and/or PFG Mortgage Trust 1, indicated initially that the subject real property was for sale in the amount of $550,000.00 when she knew that the subject real property had listed for $295,000 in the immediate months prior to her conversations with the Plaintiff.

39.     That the Defendant, Janet Sykes, had in fact caused the property to be stripped, removing the front door, the atrium floor and all of the installed appliances that were installed on the property.  In additional many other wall and light fixtures were stripped from the property.

40.     That furthermore the Defendant, Janet Sykes, caused all of the towel racks to be stripped from the property while representing to the Plaintiff that the removed items were stripped by the original owners.

41.     That the Defendant, Janet Sykes, acting as agent and broker for Century 21 Elegant Homes and Green Planet Servicing, LLC  and/or PFG Mortgage Trust 1 and as sole

proprietor for Twin View, LLC has continued to misrepresent facts to the Plaintiff regarding the sale of the property.

42.     That on or about October, 2010, the Defendant, Janet Sykes, acting as agent and broker for Century 21 Elegant Homes and Green Planet Servicing, LLC  and/or PFG Mortgage Trust 1 and as sole proprietor for Twin View, LLC requested that the Plaintiff commence making payments to Twin View, LLC even though they were not a party to the original lease agreement.

43.     That the Defendant, Janet Sykes did not advise the Plaintiff that she was the sole proprietor for Twin View, LLC.  That the Plaintiff only discovered same when she researched the officers for Twin View, LLC on the internet.

44.     That the Defendant, Janet Sykes, caused all funds to be diverted from Century 21 Elegant Homes to Twin View, LLC for her own personal gain.

WHEREFORE, the Plaintiff requests that this Honorable court award compensatory damages that will fully and fairly compensate her for her injuries, losses, and damages, pursuant to the jurisdiction of this court in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus costs, interest, and attorney fees or less, and other relief that is fair, just and equitable under the circumstances.

## COUNT III
## **HARASSMENT AND INTIMIDATION**

45.     Plaintiff incorporates by reference paragraphs 31 through 36 of this Complaint as though fully stated herein.

46.     That the Defendant, Janet Sykes, acting and agent and broker for Century 21 Elegant Homes and Green Planet Servicing, LLC, and/or PFG Mortgage Trust 1 has made several attempts to enter the subject real property without the Plaintiff's consent and during the

daytime hours when the Plaintiff was working at her place of employment.

47     That the Plaintiff was advised on three separate occasions by Alltronics Systems, Inc of Royal Oak, Michigan that there were motion detectors activated inside the subject real property.

48.     That said motion detectors could have only been activated by a person or persons holding keys to the property in order to open doors where motion censors would be activated and hence, an alarm warning.

49.     That the illegal entries commenced on January 21, 2011 and continued through the end of February, 2011.

50.     That furthermore, the Plaintiff has been the target of garbage tampering and made complaints to the management office regarding said illegal entries and garbage tamperings.

51.     That the afore-mentioned actions by the Defendant, Janet Sykes, caused the Plaintiff to experience fear, intimidation, embarrassment, infliction of emotional distress, anger, loss of sleep, stress, and distress and caused the Plaintiff to question her safety while occupying the said subject real property.

52.     That the said alarm warnings were activated while the Plaintiff was at work and caused the Plaintiff to abruptly recess court proceedings when summoned and notified by Alltronics Systems, Inc. that there was motion activity inside of the subject real property.

53.     That the Defendant, Janet Sykes, as agent and broker for Century 21 Elegant Homes and Green Planet Servicing, LLC and/or PFG Mortgage Trust 1 and as a sole proprietor for Twin View, LLC, has harassed and intimidated the Plaintiff.

54.     That on or about April 11, 2011, the Plaintiff was summoned to her home because of an alarm warning at the subject real property.

and the Plaintiff witness an attempted forced entry onto the property and took a picture of same.

56.     That the Plaintiff experienced fear, intimidation, anxiety, stress and distress, anger, restlessness, mental and emotional distress as a result of the actions of the Defendants.

47.     That the Defendants, acting through their agent and broker, Janet Sykes, are attempting to force the Plaintiff to vacate the property via harassment and intimidation.

58.     That the harassment continues until the present date of this Complaint. **(Exhibit B)**

WHEREFORE, the Plaintiff requests that this Honorable court award compensatory damages that will fully and fairly compensate her for her injuries, losses, and damages, pursuant to the jurisdiction of this court in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus costs, interest, and attorney fees or less, and other relief that is fair, just and equitable under the circumstances.

COUNT IV
**VIOLATION OF THE FEDERAL FAIR HOUSING**
**DISCRIMINATION ACT OF 1968**

59.     Plaintiff incorporates by reference paragraphs 37 through 49 of this Complaint as though fully stated herein.

60.     That the Defendants have continued to discriminate against the Plaintiff relating to the refusal to sale the subject property to the Plaintiff.

61.     That the Defendants have offered different terms to the Plaintiff those offered to the public just prior to the executing of the lease agreement entered into with the Plaintiff.

62.     That furthermore, Janet Sykes, acting as agent and broker for the Defendants has continued to harass, coerce, intimidate and interfere with the Plaintiff's exercise of her lawful fair housing rights.

WHEREFORE, the Plaintiff requests that this Honorable court award compensatory

fair housing rights.

WHEREFORE, the Plaintiff requests that this Honorable court award compensatory damages that will fully and fairly compensate her for her injuries, losses, and damages, pursuant to the jurisdiction of this court in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus costs, interest, and attorney fees or less, and other relief that is fair, just and equitable under the circumstances.

## COUNT V
## **PREMISES LIABILITY**

Plaintiff incorporates by reference paragraphs 50 through 53 of this Complaint as though fully stated herein.

63.     That on or about September 25, 2010, the Plaintiff slipped and fell on  the atrium floor which was covered with peeling and loosened wax.

64.     That the Defendants, Green Planet Servicing, LLC and or PFG Mortgage Trust 1, Century 21 Elegant Homes, Inc., and Twin View  failed to repair the atrium floor before leasing same to the Plaintiff.

65.     That the Plaintiff advised Janet Sykes via email of the fall as agent and broker for Century 21 Elegant Homes, Green Planet Servicing, Inc. and/or PFG Mortgage Trust 1 and Twin View, LLC.

66.     That the lease agreement prohibits the Plaintiff from repairing the atrium floor which was peeling wax which caused the surface of the wax floor to become very slippery.

67.     That the Defendants were negligent inasmuch as a portion of the premises contained a dangerous condition which could have been remedied by the Defendants had they expended the monies to repair the dangerous condition.

68.     That the slip and fall on the subject property has aggravated an existing leg injury

sustained by the Plaintiff.

69.     That the Defendants have refused to repair the dangerous conditions on the property.

70.     That as a result of the aggravated injury, the Plaintiff has sustained pain and suffering, emotional distress, stress and discomfort.

WHEREFORE, the Plaintiff requests that this Honorable court award compensatory damages that will fully and fairly compensate her for her injuries, losses, and damages, pursuant to the jurisdiction of this court in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus costs, interest, and attorney fees or less, and other relief that is fair, just and equitable under the circumstances.

## COUNT VII
## **ILLEGAL ENTRY**

71.     Plaintiff incorporates by reference paragraphs 54 through 61 of this Complaint as though fully stated herein.

72.     That the Defendants, through their agent and broker, Janet Sykes, have illegally attempted to enter the subject property during the Plaintiff's known work hours.

73.     That the Plaintiff has been summoned by Alltronics Systems, Inc. from her place of employment to respond to various alarm alerts indicating motion activity inside of the Plaintiff's place of residence.

74.     That the subject real property is in a gated and restricted area, manned by security personnel and the Defendants, through their agent and broker, is the only other known person to have possession of keys to the subject real property.

75.     That the Defendants' entry unto the subject real property was unauthorized and prohibited under the lease agreement.

76.     That the Plaintiff did not ever give any person permission to enter into the premises of the subject real property.

77.     That at the time of each attempt to enter the property the Detroit Police Department and were summoned to the subject real property where the Detroit Police Department were advised of the various incidents of harassment and various attempts to enter onto the property.

78.     That as a result of the actions of the Defendants, the Plaintiff has suffered harm, discomfort, anxiety, stress, emotional distress, anger, grief and unrest.

WHEREFORE, the Plaintiff requests that this Honorable court award compensatory damages that will fully and fairly compensate her for her injuries, losses, and damages, pursuant to the jurisdiction of this court in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus costs, interest, and attorney fees or less, and other relief that is fair, just and equitable under the circumstances.

Respectfully Submitted,

BY: _Brenda K Sanders_

Brenda K. Sanders (P37845)
Plaintiff in Pro Per
P. O. Box 14816
Detroit, Michigan  489214
(313) 598-4338

Dated:  August 22, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BRENDA K. SANDERS

    Plaintiff,

vs.

PFG MORTGAGE TRUST 1, GREEN PLANET
SERVICING, LLC., JANET SYKES, CENTURY 21
ELEGANT HOMES, ROUNDPOINT MORTGAGE
and TWIN VIEW, LLC, Jointly and Severally,

    Defendants.

    /

_____

## DEMAND FOR TRIAL BY JURY

  NOW COMES the Defendant, Brenda K. Sanders, in Pro Per and makes a demand for trial

by jury in connection with the above-entitled cause of action.

        Respectfully Submitted,

     BY __Brenda K Sanders__

      Brenda K. Sanders (P37845)
      Plaintiff - In Pro Per
      P. O. Box 14816
      Detroit, Michigan  48214
      (313) 598-4338

Dated:  August 22, 2011

13

# EXHIBIT A

# R E S I D E N T I A L   L E A S E

## LANDLORD

That ___CENTURY 21 ELEGANT HOMES___ in its capacity as _____BROKER_____ designated as this
"LANDLORD"  (owner/agent/trustee)
day of __21st__ __July__ 20_10_, in consideration of the rents to be paid and promises and agreements to be performed
by the TENANT(S), leases to ____BRENDA SANDERS____, designated as the "TENANT(S)," the following described
premises located in the ____CITY____ of ___DETROIT___, County of _____WAY_____, State of Michigan, described as:

## LEGAL DESCRIPTION

UNIT 15 WAYNE COUNTY CODOMINIUM PLAN NO 920 " MORGAN WATERFRONT HOMES " REC L44997 P88-149 DEEDS, WCR  21/1055  2.3256%

## ADDRESS

More commonly known as:
__115    SAND BAR LN__                                            DETROIT       MI       48214

TENANT(S) AND LANDLORD AGREE TO THE TERM LISTED ABOVE AND AS FOLLOWS:

### 1. RENT

TENANT(S) to pay LANDLORD the sum of _One Thousand Five Hundred_ ($__1,500.00__)Dollars, for the term of the lease.
Said rent shall be due and payable during the continuance of this lease in equal monthly installments of
_____Eighteen Thousand_____ ($_18,000.00_) Dollars, in advance on the _____ day of each month, in lawful
United States currency, delivered to LANDLORD. LANDLORD may require installments to be paid with certified funds or money
orders and in a single payment. Rent is only paid when it is actually received by LANDLORD.

### 2. TERM

This lease begins on the __1st__ day of _____, 20_10_ and ends on the _____ day of _____, 201__. If
none of the TENANT(S) take possession on the day it is to be provided, and if TENANT(S) have not given LANDLORD written
notice that they will take possession on a later day, LANDLORD may presume conclusively that TENANT(S) have abandoned the
premises and re-rent the premises.

### 3. WHERE TO SEND RENT

TENANT(S) to submit rental payments at
_____25130 SOUTHFIELD RD, SOUTHFIELD MI 48075_____ or a
place LANDLORD may designate from time to time in writing.

### 4. NOTICES

Notices required by this lease or by law shall be in writing.  Notices to TENANT(S) shall be delivered or sent to the premises.
Notices to LANDLORD shall be sent to _____25130 SOUTHFIELD. MI. 48075_____ at
_____or to such other person and or address  LANDLORD may from time to time supply to the
TENANT(s) in writing. Notices that are mailed (including security deposit notices) are deemed received by the other party on the
next regular day for delivery of mail after being stamped with sufficient postage and deposited in a United States Mailbox.

### 5. APPLICATION OF MONEY FROM TENANT(S)

Money received by LANDLORD from TENANT(S) or in their behalf shall be applied to TENANT(S) account as follows:  first to
satisfy unpaid late fees, dishonored check fees, and to other fees owed by TENANT(S); second,  to maintenance and repair costs
chargeable to TENANT(S); third,  to legal fees and court costs legally chargeable to TENANT(S), including costs incurred prior to
curing a default; fourth, to outstanding utility bills that are the responsibility of the TENANT(S); fifth,  to deposits of portions due
from TENANT(S); sixth to rent.  Restrictive endorsements on a check or statements in communication, including those
accompanying a payment, shall not constitute an accord and satisfaction or amend this provision.
TENANT(S) agree that any misrepresentation of any facts or information supplied to the LANDLORD or LANDLORD'S agent by
TENANT(S) upon entering this lease or during it's duration shall constitute a breach of this lease and shall terminate the lease at
the election of the LANDLORD.

Initial Here:  _____, _____, _____
                      Landlord  Tenant    Tenant

Page 1 of 7

Instant forms

**6. DEFAULT AND REMEDIES**

TENANT(S) noncompliance with any covenant of this lease is a default. If TENANT(S) default, LANDLORD may have all remedies legally permitted, including termination of this tenancy. On 7 days written notice, LANDLORD also may terminate this tenancy if TENANT(S), a member of TENANT(S) household, or other person under TENANT(S) control unlawfully manufactures, delivers, possesses with intent to deliver, or possesses a controlled substance on the leased premises. TENANT(S) shall reimburse LANDLORD for all legal fees, costs, and expenses legally recoverable and for all damages caused by their default, including costs of re-renting the premises and all rent for the remainder of the term and succeeding terms that LANDLORD does not collect through mitigation. If other premises owned or managed by LANDLORD are available for lease, it shall not be unreasonable for LANDLORD to lease them before TENANT(S) premises. From the date of execution, time is of the essence of this lease. If LANDLORD terminates this tenancy, it may cancel, by written notice, any renewal, lease extension, or lease for a future term that LANDLORD and TENANT(S) have executed.

**7. UTILITIES**

TENANT(S) shall put utilities for the premises into their names, maintain uninterrupted service throughout the Term, and timely pay all utility bills, including ____GAS____, __ELECTRIC__, and ____WATER____. TENANT(S) shall pay any penalties imposed by utility providers because of late payment of original bills.

**8. LATE FEES AND DISHONORED CHECKS**

TENANT(S) shall pay a late fee to LANDLORD of $__50.00__ for rent that is ____5____ days late, and TENANT(S) shall pay an additional late fee of $__25.00__ for rent that is __5__ days late or more. Partial payment of a months rent does not abate late fees. In addition to late fees, TENANT(S) shall owe LANDLORD $__35.00__ for any check to LANDLORD that is dishonored.

**9. CHRONIC LATE PAYMENT OF RENT**

Rent is due on the first of each month, and notwithstanding Paragraph 8, at the LANDLORD'S option, the LANDLORD may either terminate this lease because TENANT(S) are chronically late with rent payments or increase the rent in the amount of $__100.00__ per month. Chronic late payment is defined as paying rent after the due date on three or more occasions during this lease; rent is not considered paid until it is received by the LANDLORD.

**10. SECURITY DEPOSIT**

TENANT(S) to deposit with the LANDLORD a security deposit in the amount of $__2,250.00__ before receiving possession. The deposit shall be held and administered by the LANDLORD pursuant to Michigan Public Act 348 of 1972. The deposit, or any portion of it that is returned, shall be returned in a check, payable to all TENANT(S), or may be returned entirely to one TENANT(S) if all other TENANT(S) have so authorized to the LANDLORD in writing. Security Deposit Act communications shall be addressed to LANDLORD at the address in paragraph 4. TENANT(S) may not elect to use the deposit for rent. The name and address of the financial institution where your deposit will be held is:

_____

_____

**11. USE**

TENANT(S) to use and occupy the premises exclusively for residential purposes and only by the TENANT(S) and occupants of this agreement unless otherwise agreed upon in writing by the LANDLORD. TENANT(S) agrees that drugs or intoxicating liquors will not be sold or manufactured on the premises. The use of illegal drugs is prohibited.

**12. GOVERNMENT REGULATION**

TENANT(S) to maintain the premises in accordance with all police, sanitary and other regulations and restrictions imposed by any government authority and any homeowners association.

**13. NONREFUNDABLE PREPARATION FEE**

TENANT(S) shall pay a nonrefundable Preparation Fee of $_____.00_____ to LANDLORD before receiving possession.

**14. PERSONAL PROPERTY**

TENANT(S) acknowledges that the personal property listed below is on the premises and agree to leave same upon vacating:

Initial Here: _____, _____, _____
Landlord   Tenant      Tenant

This contract is for use by Realcomp Subscribers. Use by any other party is illegal and voids the contract.

Instanet forms

**15. KEYS**

LANDLORD may retain a key to the premises throughout the lease. TENANT(S) shall not change the locks without LANDLORD'S prior written consent, and TENANT(S) shall immediately provide LANDLORD with a key to any new lock if the locks are changed. LANDLORD may charge TENANT(S) $_____50.00_____ for replacing lost keys and for assisting TENANT(S) in gaining entry to the premises.

**16. ENTRY BY LANDLORD**

LANDLORD or its agents may enter the premises in an emergency or to perform repairs, maintenance, code inspections, appraisals, insurance inspections, other purposes reasonably related to the operation of the building, and to show the premises for sale or lease. Except during an actual or apparent emergency, all entries shall be made during reasonable hours; and LANDLORD shall make reasonable efforts to inform TENANT(S) of its intention to enter and shall attempt to establish a mutually acceptable time.

TENANT(S) agree that for a period of thirty (30) days prior to the termination of this lease, the TENANT(S) will permit the LANDLORD to show the premises in an effort to obtain a new lease. TENANT(S) agree to allow the LANDLORD to affix "for rent" or "for sale" signs on the premises.

**17. MAINTENANCE**

TENANT(S) shall use and maintain the premises in accordance with applicable police, sanitary, and all other regulations imposed by governmental authorities. TENANT(S) also shall maintain the premises in a neat and orderly manner. TENANT(S) will keep premises, including the equipment and fixtures of every kind and nature, in good repair during the term of this lease, subject to limitations in paragraph 19.

TENANT(S) will, at its own expense during the continuation of the lease, maintain the landscaping, including but not limited to watering, fertilizing, weeding and trimming the landscaping. TENANT(S) will not remove or rearrange the landscaping without prior written consent of the LANDLORD. TENANT(S) will be responsible for snow removal from walkways and driveways. In the event the TENANT(S) fails to do any of the above responsibilities the LANDLORD shall have the right to have the lawn, landscaping and snow removal maintained, and TENANT(S) shall pay LANDLORD the cost immediately following receipt of an invoice presented to the TENANT(S) by the LANDLORD.

TENANT(S) agree to change the batteries in the smoke detector every six (6) months or sooner if needed. If the smoke detector is not in working order, the TENANT(S) agree to notify the LANDLORD in writing as soon as possible.

TENANT(S) will observe all reasonable regulations and requirements of underwriters concerning use and condition of the premises tending to reduce fire hazard and insurance rates, and not permit or allow any rubbish, waste materials or products to accumulate on the premises.

TENANT(S) shall pay for the repair of all damage to the premises and structure of which they are a part, including fire and flood damage, caused by TENANT(S), their guests or invitees; they shall reimburse LANDLORD for all permit, inspection, and certification costs it incurs because of their noncompliance with this lease or applicable laws; and they shall reimburse LANDLORD for all damages resulting from not reporting the need for repair or maintenance in a reasonably timely manner. Nothing in this clause shall waive or lessen LANDLORD'S obligation to maintain and repair the premises under Michigan law, but LANDLORD is not liable for any loss that accrues to TENANT(S) because of LANDLORD'S actions in reasonably fulfilling its obligations hereunder.

**18. ALTERATIONS**

TENANT(S) will not make any alterations or additions or improvement to the premises without prior written consent of the LANDLORD, including but not limited to paint, wallpaper, telephone or cable TV lines, portable air conditioning units, and attached appliances. Written approval shall not be construed by the TENANT(S) that the LANDLORD assumes the expense or liabilities nor shall such written approval alter the promise of TENANT(S) to pay rent under this lease. All such additions or

Initial Here: _____, _____, _____
Landlord   Tenant        Tenant

This contract is for use by Realcomp Subscribers. Use by any other party is illegal and voids the contract.



improvement to the premises made by the parties shall remain on said premises after termination of the lease without reimbursement to the TENANT(S). Further, the TENANT(S) agree that if the TENANT(S) should redecorate, the TENANT(S) will return the premises to its original decoration at the TENANT'S own expense at the termination of the lease unless the TENANT(S) has secured prior written consent of the LANDLORD.

### 19.  REPAIR EXPENSES

Any repairs costing less than $___100.00___ shall be paid by the TENANT(S). All repairs over $___100.01___ must be approved in writing by the LANDLORD if the TENANT(S) elects to do the repairs.

If TENANT(S) break or damage any items, including but not limited to windows, doors, and locks, TENANT(S) agree to repair or replace the items IMMEDIATELY at the TENANT(S) expense.  If, after seven (7) days the repairs or replacements are not complete the LANDLORD may repair or replace the item(s) and the cost shall be charged to the TENANT(S) and paid immediately.

### 20.  DESTRUCTION

If TENANT(S) are unduly too hard and destructive to property so that LANDLORD could show cause for eviction in the professional opinion of LANDLORD or LANDLORD'S agent, this lease will be cancelled and TENANT(S) will be required to vacate the premises within thirty (30) days of written notification and costs to be borne by the TENANT(S).

### 21.  HOLD HARMLESS

TENANT(S) agree for themselves, their heirs, and personal representatives, to hold LANDLORD harmless from all damages, loss, including lost rents, or liability that results from their negligent or illegal use of the premises and from their intentional misuse of them.

### 22.  INSURANCE

LANDLORD and its agents are not responsible for theft of personal property of TENANT(S), their guests or invitees; or for damage, loss, or destruction of personal property of TENANT(S), their guests or invitees, from any cause, including acts or omissions of third parties, unless caused by LANDLORD'S failure to perform or negligent performance of a duty imposed by law. LANDLORD is not liable for any damage to personal property due to water that may come into the basement or through the sewers.  **TENANT(S) SHALL INSURE THEIR PERSONAL PROPERTY.**

### 23.  RETURN OF PREMISES

TENANT(S) agrees the TENANT(S) shall give thirty (30) days written notice of intent to vacate prior to the termination of this lease or any extension of the lease.  Early surrender of the premises, including surrender accepted in writing, shall not extinguish any of TENANT(S) obligations to perform under this lease, including payment of all rent reserved.  TENANT(S) shall return the premises at the expiration of the term (or earlier termination) in as good a condition as when received, reasonable wear and tear accepted.  TENANT(S) agree to remove all of their personal property from the premises at time of vacating and if TENANT(S) fails to do so TENANT(S) agree to a charge for removal and disposal of the items unless they obtain prior written agreement with the LANDLORD.

### 24.  QUIET ENJOYMENT

TENANT(S), upon payment of the rent at the time in manner stated and upon performing all of the promises, shall and may peacefully and quietly have, hold, and enjoy the premises for the term of this lease.

### 25.  UNTENANTABILITY

If the premises become wholly untenantable because of fire or other casualty, LANDLORD may cancel this lease by notifying TENANT(S) in writing, and TENANT(S) shall surrender the premises to LANDLORD. If for the same reasons the premises become partially untenantable or wholly untenantable without LANDLORD canceling the lease, LANDLORD shall repair the premises with reasonable speed. From the date of the casualty, until repairs are substantially completed, rent shall abate in the same percentage that the premises are untenantable, unless the untenantability is caused by negligence or intentional misconduct of TENANT(S), their guests or invitees, in which case rent shall not abate. LANDLORD is not liable for failure to

Initial Here: _____, _____, _____
Landlord    Tenant        Tenant

This contract is for use by Realcomp Subscribers. Use by any other party is illegal and voids the contract.



repair until TENANT(S) have notified LANDLORD of the need for repair and a reasonable time to make the repair has passed thereafter. If 50% or more of the premises are untenantable, the premises are "wholly untenantable".

## 26. ASSIGNMENT SUBLETTING AND OCCUPANCY

TENANT(S) shall not assign this lease or sublet the premises, or any part thereof, without prior written permission of LANDLORD, which shall not be denied unreasonably.

## 27. ABANDONMENT

If during this lease, LANDLORD believes in good faith that TENANT(S) have abandoned the premises and current rent is unpaid, LANDLORD may re-enter the premises and remove the remaining possessions of TENANT(S) without liability.  Unless not allowed by local ordinance.  Abandonment is conclusively presumed if rent is unpaid for fifteen days following the due date and (1) a substantial portion of TENANT(S) possessions have been removed or (2) acquaintances of TENANT(S) or other reliable sources indicate to LANDLORD that TENANT(S) have left without intending to re-occupy the premises. If TENANT(S) abandons or surrenders the premises at anytime and leaves personal property there, LANDLORD may dispose of it however LANDLORD chooses, and TENANT(S) shall reimburse Landlord for all costs incurred in that regard.

## 28. HOLDING OVER

TENANT(S) shall vacate the premises on or before the expiration date of the lease. If TENANT(S) retain possession thereafter without LANDLORD'S written permission, LANDLORD has thirty (30) days from the last day of the lease to sue TENANT(S) for possession under section 5714(1)(C)(2) of the Michigan Summary Proceedings Act (Holding over after lease expires). If suit is not begun within that time, the tenancy shall continue on a month-to-month basis from the date the lease expires, and all other covenants of the lease shall remain in full force and effect. Rent, however, shall increase by twenty percent (20%), beginning on the first day after lease expiration, regardless of whether suit is brought. Acceptance of money by LANDLORD from TENANT(S) during the thirty (30) days following expiration of the lease does not waive LANDLORD'S right to seek possession as described in this paragraph, and TENANT'S shall compensate LANDLORD for all damages caused by their unauthorized holdover.

## 29. LIMITED CANCELLATION RIGHTS

TENANT(S) who has occupied the Premises for more than thirteen (13) months may terminate this lease upon sixty (60) days written notice to LANDLORD if: (i) TENANT(S) has become eligible during the term to take possession of a subsidized rental unit in senior citizen housing and provides Landlord with written proof thereof; or (ii) TENANT(S) has become incapable during the term of living independently, as certified by a physician in a notarized statement. (iii) TENANT(S) is transferred out of the area for business reasons.  Election to cancel under this paragraph is limited to the TENANT(S) to whom the foregoing applies, and the lease continues in full force and effect for remaining TENANT(S).

## 30. PETS

TENANT(S) agree that no pets are allowed on the premises, inside or outside, without the written consent of the LANDLORD.  If TENANT(S) fail to comply,  this will be cause for immediate eviction and the costs will be the responsibility of the TENANT(S) and due upon notice.

## 31. JOINT AND SEVERAL LIABILITY

When there is more than one TENANT(S) on the lease, each TENANT(S) is jointly and severally liable for its full performance.

## 32. AMENDMENT

This lease may be amended in writing only, signed by all parties.

## 33. CAPTIONS

Paragraph captions are solely to assist with identification. They are of no legal significance.

## 34. WAIVER

Failure by LANDLORD to enforce a provision of this lease on one (1) or more occasions is not a continuing waiver of LANDLORD'S right to enforce the provision.

## 35. SEVERABILITY

A court ruling that a clause of this lease is invalid or the parties' written agreement that they no longer shall observe one or more lease provisions, shall not invalidate any other clauses of this lease.

## 36. SUCCESSORS BOUND

Initial Here: _____, _____, _____
Landlord   Tenant      Tenant

This contract is for use by Realcomp Subscribers. Use by any other party is illegal and voids the contract.



The heirs, successors, assigns, and representatives of LANDLORD and TENANT(S) shall be bound by the covenants of this lease.

**37. LEAD BASED PAINT DISCLOSURE AND MOVE IN CHECKLIST**

TENANT(S) acknowledges the receipt of the Lead Based Paint Landlord's Disclosure Form and the pamphlet *Protect Your Family From Lead in Your Home*. TENANT(S) acknowledge they have received a move-in inventory check list. The premises are conclusively presumed to be in good condition at move-in unless TENANT(S) specify objections on that list and return a copy of it to the LANDLORD within seven (7) days after receiving the list. The move-in inventory check list is not a request for repairs.

**38. TOTAL AGREEMENT**

This lease is the Parties' entire agreement, and they enter it voluntarily. There are no other agreements, including discussions, proposals, negotiations, and representations made prior to the execution of this lease that are part of this lease unless specifically in writing

TENANT(S) application to lease is incorporated as part of this lease, and TENANT(S) covenant that the information supplied in that application was and continues to be accurate. TENANT(S) agree to provide the LANDLORD in writing with any new phone numbers or change in employers as soon as possible.

During this lease and thereafter, LANDLORD or its agents (including a collection agency) may obtain TENANT(S) credit report, which LANDLORD or its agent may use in attempting to collect unpaid rent, late fees, or other charges from TENANT(S).

**39. OTHER**
  OCCUPANTS_____
            _____
            _____
            _____

THE LEASE FEE INCLUDES THE ASSOCIATION FEE.

OWNER AGREE TO GIVE TENANT(S) FIRST RIGHTS OF REFUSAL TO PURCHASE SAID PROPERTY.

## MICHIGAN TRUTH IN RENTING ACT NOTICE

**NOTICE: MICHIGAN LAW ESTABLISHES RIGHTS AND OBLIGATIONS FOR PARTIES TO RENTAL AGREEMENTS. THIS AGREEMENT IS REQUIRED TO COMPLY WITH THE TRUTH IN RENTING ACT. IF YOU HAVE A QUESTION ABOUT THE INTERPRETATION OR LEGALITY OF A PROVISION OF THIS AGREEMENT, YOU MAY WANT TO SEEK ASSISTANCE FROM A LAWYER OR OTHER QUALIFIED PERSON.**

## MICHIGAN SECURITY DEPOSIT ACT NOTICE

Initial Here: _____, _____, _____

Landlord    Tenant       Tenant

This contract is for use by Realcomp Subscribers. Use by any other party is illegal and voids the contract.



**TO TENANT(S): YOU MUST NOTIFY YOUR LANDLORD IN WRITING WITHIN FOUR (4) DAYS AFTER YOU MOVE OF A FORWARDING ADDRESS WHERE YOU CAN BE REACHED AND WHERE YOU WILL RECEIVE MAIL, OTHERWISE YOUR LANDLORD SHALL BE RELIEVED OF SENDING YOU AN ITEMIZED LIST OF DAMAGES AND THE PENALTIES ADHERENT TO THAT FAILURE.**

**ACKNOWLEDGEMENT OF FUNDS**

The sum of $_____ has been received by the LANDLORD from the TENANT(S) and shall be applied as follows:

First months rent in advance                                $_____

Security Deposit                                                      $_____

NON REFUNDABLE Cleaning preparation fee        $_____

Water Bill-first Month                                            $_____

TOTAL                                                                    $_____


Dated: _____        _____
                                                                           Landlord


Dated: _____        _____
                                                                           Tenant


Dated: _____        _____
                                                                           Tenant


Initial Here: _____, _____, _____
                      Landlord   Tenant      Tenant

This contract is for use by Realcomp Subscribers. Use by any other party is illegal and voids the contract.

*Instanct forms*

# APPLICATION FOR LEASING OR RENTAL

The undersigned hereby submits the following information as an application to lease/rent the following described property commonly known as:  (NOTE: This application is not a lease.)

Property Address: ___ 115    SAND BAR LN _____   DETROIT   MI   48214

A. Information About the Applicant(s) and Occupant(s):
    1. Name of Applicant _____
       Social Security Number _____
      Name of Co-applicant _____
       Social Security Number _____
      Other Occupants _____
    2. List any pets (Dogs, Cats, etc.) _____
    3. Previous Address _____
                                Phone Number _____
         Rented ____ Leased ____ Owned ____ Monthly Payment $ _____
    4. Name and Address of Prior Landlord(s) _____
       Names and Addresses of Two References _____
                                Phone Number _____
                                Phone Number _____

B. Financial Information
    1. Occupation of Applicant(s) _____
                                Phone Number _____
    2. Name of Employer(s) _____
    3. Address of Employer(s)_____
                                Phone Number _____
    4. How Long Employed _____
    5. Annual Income:Year _____ $ _____ Year _____ $ _____ Year _____ $ _____
    6. Other Sources of Income_____
    7. Annual Income From Other Sources _____
    8. Debt or Obligations (List Creditor and Amount) _____
                     _____
                     _____

C. Applicant(s) Agrees and Consents to:
    1. Provide Broker with employment letters and understands that this application cannot be processed without them.
    2. The Broker securing a credit check, and agrees to reimburse them for said expense, not to exceed Twenty Dollars ($20.00).
    3. Provide Broker with reference letter from prior landlord.

Applicant warrants that the preceding information is a complete and accurate representation of all the facts.

Applicant's Signature _____

Co-applicant's Signature _____

Witness _____

Broker _____

Broker acknowledges receipt of $ _____ as earnest money to be held and applied to a lease, when accepted by the Landlord, otherwise to be refunded.

Broker _____ CENTURY 21 ELEGANT HOMES _____   Dated _____

By _____
    JANET    SYKES

BBRSOAR Lease revised 8/2000
This contract is for use by Realcomp Subscribers. Use by any other party is illegal and voids the contract.

*Instant Forms*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BRENDA K. SANDERS

       Plaintiff,

vs.

PFG MORTGAGE TRUST 1, GREEN PLANET
SERVICING, LLC., JANET SYKES, CENTURY 21
ELEGANT HOMES, ROUNDPOINT MORTGAGE
and TWIN VIEW, LLC, Jointly and Severally,

       Defendants.

                                         /

| Brenda K. Sanders (P37845) | Jeffrey T. Goudie (P66254) |
|---|---|
| Plaintiff – In Pro Per | Attorney for Defendant – PFG Mortgage Trust |
| P.O. Box 14816 | Likens & Blomquist, PLLC |
| Detroit, Michigan 48214 | 3290 W. Big Beaver Road, Suite 315 |
| (313) 598-4338 | Troy, Michigan 48084 |
| | (248) 593-5106 |

                                         /

## MOTION FOR TEMPORARY RESTRAINING ORDER
## PENDING HEARING

NOW COMES the Plaintiff, In Pro Per, and moves this Honorable Court to issue a Temporary Restraining Order Pending a Hearing and in support of same, states as follows:

1.     That the Defendant, PFG Mortgage Trust 1, has initiated an action to terminate the tenancy of the Plaintiff in the 36th Judicial District Court.

2.     That the Defendant failed to properly and adequately advise the Plaintiff of the summary proceedings action and obtained a default judgment to evict the Plaintiff from the premises.

3.     That the Plaintiff contracted with the Defendant to have a first right of refusal to purchase the property pursuant to the lease contract that was entered into on July 26, 2011.

4.     That the Plaintiff has requested to negotiate the purchase of the subject real

14

4.      That the Plaintiff has requested to negotiate the purchase of the subject real property several times, however, the Defendant has refused, indicating that the property is not for sale.

5.      That the Defendant has listed the property for sale on various occasions in 2008 and 2009 and has failed to sell the home where the Plaintiff is currently residing.

6.      That there have been several foreclosures on the block where the subject real property is situated and even right next door to the subject real property.

7.      That the Defendant wants to evict the Plaintiff and deprive her of any bargaining leverage to negotiate a fair price for the subject property.

8.      That an eviction would cause the Plaintiff to lose her possessory interest in the property and would not be proper given the fact that the Defendant has contractually agreed to give the Plaintiff a first right of refusal relative to a purchase of the subject property.

9.      That the Defendant, the Plaintiff in the summary proceedings action pending in the 36th Judicial District Court, has asked the Court to seek a order to evict the Plaintiff from the subject real property starting August 23, 2011.

10.     That the Defendant, PFG Mortgage Trust 1 is in violation of Title VII of the Protecting Tenants At Foreclosure Act.  (Sec. 702)  The Protecting Tenants Act of 2009 forbids such an eviction and the tenant should at lease be given ninety (90) days to move from the subject real property.

11.     That the Plaintiff will be caused irreparable harm and damage if the Defendant, PFG Mortgage Trust 1 is allowed to proceed with a writ of restitution on August 23, 2011.

WHEREFORE, the Plaintiff, Brenda K. Sanders, In Pro Per, respectfully requests that this Honorable Court grant her request to for a temporary restraining order to prevent the

Defendant from seeking a writ of eviction to remove the Plaintiff from the subject real property.

The Plaintiff further requesting that the restraining order continue until the Plaintiff's claims that

the Defendants have wrongfully deprived the Plaintiff from purchasing said property even

though contractually obligated to do so, are settled in this Honorable Court.

Respectfully Submitted,

BY

Brenda K. Sanders (P37845)
Plaintiff - In Pro Per
P. O. Box 14816
Detroit, Michigan  48214
(313) 598-4338

Dated:  August 22, 2011

16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BRENDA K. SANDERS

       Plaintiff,

vs.

PFG MORTGAGE TRUST 1, GREEN PLANET
SERVICING, LLC., JANET SYKES, CENTURY 21
ELEGANT HOMES, ROUNDTREE MORTGAGE
and TWIN VIEW, LLC, Jointly and Severally,

       Defendants.
                                      /

| | |
|---|---|
| Brenda K. Sanders (P37845) | Jeffrey T. Goudie (P66254) |
| Plaintiff – In Pro Per | Attorney for Defendant – PFG Mortgage Trust |
| P.O. Box 14816 | Likens & Blomquist, PLLC |
| Detroit, Michigan 48214 | 3290 W. Big Beaver Road, Suite 315 |
| (313) 598-4338 | Troy, Michigan 48084 |
| | (248) 593-5106 |

                                       /

BRIEF IN SUPPORT OF MOTION FOR
TEMPORARY RESTRAINING ORDER

      The Plaintiff herein has requested that this Honorable Court issue a temporary restraining order pending the outcome of the instant proceedings. The temporary restraining order is necessary to prevent irreparable harm to the Plaintiff while this matter is pending. Specifically, the Plaintiff has alleged that as a tenant in a property where there has been a foreclosure, pursuant to the Protecting Tenants of Foreclosure Act of 2009 , Section 701. Pursuant to Section 701, the tenant is to be given ninety 90 days to vacate the subject real property. On August 9, 2011, The Defendant, PFG Mortgage Trust 1, obtained a default judgment against the Plaintiff without providing the Plaintiff with the requisite notice required by law. The Defendant, PFG Mortgage Trust 1 has sought to evict the Plaintiff on or after August 23, 2011. The Defendant, Twin View, LLC, filed a similar action against the Plaintiff in April, 2011. The Plaintiff herein hired an

17

Twin View, LLC, filed a similar action against the Plaintiff in April, 2011. The Plaintiff herein hired an attorney to defend against the action and as a result the Defendant failed to appear in court and the action was dismissed.

Simply described, it would be unfair, unjust and inequitable to allow the Defendant, PFG Mortgage Trust 1, to proceed with an eviction of the Plaintiff from the subject real property if the Defendant has legally contracted to give the Plaintiff the first right of refusal regarding a sale of the subject property. The Plaintiff believes that she has met the legal standard required for the issuance of a temporary restraining order.  The Plaintiff believes that the need and legal justification for a temporary restraining order has been demonstrated.

### II.A. Legal Standard Governing Temporary Restraining Order

The United States District Court decided in LNB Bancorp, Inc. v. Richard M. Osborne, No. 1:09-CV-00643-AA (decided March 28, 2009) applying the following standards for determining whether a temporary restraining order determined that a temporary restraining order was justified.  The Court applied the traditional four-part test to determine whether a temporary restraining order is appropriate. The Court must consider whether: (1) there is a substantial likelihood of success on the merits, (2) the temporary restraining order is necessary to prevent irreparable injury, (3) the injury to the plaintiff outweighs any harm to the nonmovant, and (4) the temporary restraining order would serve the public interest. See, e.g., McPherson v. Michigan High School Athletic Ass'n, Inc., 119 F.3d 453, 459 (6th Cir.1997). A district court need not make specific findings on each factor, if fewer factors dispose of the issue. Six Clinics Holding Corp., II v. Cafcomp Systems, Inc., 119 F.3d 393, 399 (6th Cir.1997).

In Addition, a temporary restraining order is necessary to stop the writ of restitution that the Defendant, PFG Mortgage Trust 1, is seeking in the summary proceedings action as the

Respectfully Submitted,

BY:

Brenda K. Sanders (P37845)
Plaintiff - In Pro Per
P. O. Box 14816
Detroit, Michigan  48214
(313) 598-4338

Dated:  August 22, 2011

# EXHIBIT B

# DETROIT POLICE DEPARTMENT CRIME REPORT

DETROIT POLICE DEPARTMENT

Case No. **1109010414**
Report No. **1109010414.1**
Report Date: **9/1/2011**

# 1

Page 1 of 4

| | | | | |
|---|---|---|---|---|
| Subject | **ED- ED- E DESK- DAMAGE PROPERTY (VEH)** | | | |
| Case Report Status | **I - IN PROCESS** | Date Entered | **9/1/2011 7:51:46 PM** | Reporting Officer |
| County | **82 - WAYNE** | Entered By | **ADAMS, SANTONION** | **ADAMS, SANTONION** |
| City/Township | **99 - DETROIT** | Date Verified | | |
| | | Verified By | | Assisted By |
| Occurred On | **8/29/2011 10:00:00 PM** | Date Approved | | |
| (and Between) | **8/30/2011 9:20:00 AM** | Approved By | | |
| Location | **115 SANDBAR LN** | Connecting Cases | | Assist Agency |
| CSZ | **DETROIT, MI 48214** | Disposition | **ACTIVE** | |
| Census/Geo Code | **5157** | Tactical Actions | | |
| Grid | **E6 - 0506** | Clearance Reason | | |
| Call Source | | Date of Clearance | | |
| | | Reporting Agency | **DETROIT POLICE DEPARTMENT** | |
| Vehicle Activity | | Division | **5th/Eastern District** | |
| Vehicle Traveling | | Notified | | |
| Cross Street | | | | |
| Means | | | | |
| Other Means | | | | |
| Motive | | | | |
| Other Motives | | | | |
| Report Narrative | **ADAMS,S#44** | | | |

VICTIM STATED THAT ON ABV DATE AND TIME SHE PARKED HE VEH IN THE DRIVEWAY OF THE ABV LOCATION LOCKING AND SECURING IT. VICTIM STATED THAT ON 083011 WHEN SHE RETURNED TO HER VEH SHE NOTICED THAT SOMEONE HAD CUT THE REAR DRIVERS SIDE TIRE ON A VEH WHICH SHE HAD RENTED FROM THRIFTY RENTAL CAR. VEH#1 DESCRIBED AS A GRY/2011/FORD FUSION/TENN PLT#774ZQX. VICTIM STATED THAT SHE THEN CHECKED VEH#2 WHICH IS REGISTERED TO HER THAT WAS ALSO PARKED IN THE DRIVEWAY AND DISCOVERED THAT THE FRONT DRIVERS SIDE TIRE HAD ALSO BEEN CUT. VEH#2 DESCRIBED AS BLK/2001/TOYOTA FORE RUNNER/MI PLT#6HZB39. VICTIM STATES THAT SHE HAS NO KNOWLEDGE OF WHO COMMITTED THIS OFFENSE AGAINST HER BUT IF DISCOVERED SHE IS WILLING TO PROSECUTE.

## Offense Detail: 2999 - DAMAGE TO PROPERTY (OTHER)

| | | | | | |
|---|---|---|---|---|---|
| Offense Description | **2999 - DAMAGE TO PROPERTY (OTHER)** | | | | |
| IBR Code | **290 - DESTRUCTION/DAMAGE/VANDALISM OF PROPERTY** | Location | **20 - RESIDENCE/HOME** | | |
| IBR Group | **A** | Offense Completed? | **YES** | No. Prem. Entered | |
| Crime Against | **PR** | Hate/Bias | **00 - NONE (NO BIAS)** | Entry Method | |
| Offense File Class | **29000 - DAMAGE TO PROPERTY** | Domestic Violence | **NO** | Type Security | |
| PACC | | | | Tools Used | |
| Local Code | | | | | |
| Using | | | | | |
| Criminal Activity | | | | | |
| Weapons | | | | | |

## Suspect S1: UNKNOWN SUSPECT

| | | | | | |
|---|---|---|---|---|---|
| Suspect Number | **S1** | DOB | | Place of Birth | |
| Name | **UNKNOWN SUSPECT** | Age | **00** | SSN | |
| AKA | | Sex | **U - UNKNOWN** | DLN | |
| Alert(s) | | Race | **U - UNKNOWN** | DLN State | |
| | | Ethnicity | **U - UNKNOWN** | DLN Country | |
| Address | | Ht. | | Occupation/Grade | |
| CSZ | | Wt. | | Employer/School | |
| | | Eye Color | | Employer Address | |
| Home Phone | | Hair Color | | Employer CSZ | |
| Work Phone | | Hair Style | | Res. County | |
| Email Address | | Hair Length | | Res. Country | |

NetRMS_MICR.rtf v2f

Printed For: _____
Printed: September 1, 2011 - 8:13 PM

# DETROIT POLICE DEPARTMENT CRIME REPORT

DETROIT POLICE DEPARTMENT

Case No. 1109010414
Report No. 1109010414.1
Report Date: 9/1/2011

# 2

Page 2 of 4

| | | | |
|---|---|---|---|
| Facial Hair | | Resident Status | **U - UNKNOWN** |
| Complexion | | | |
| Build | | | |
| Teeth | | | |

Scars/Marks/Tattoos
Suspect MO
Other MO
Attire
Habitual Offender
Status

Suspect Notes

---

## Victim V1: SANDERS, BRENDA

| | | | | | |
|---|---|---|---|---|---|
| Victim Code | **V1** | Victim Of | **2999 - DAMAGE TO PROPERTY (OTHER)** | | |
| Victim Type | **I - INDIVIDUAL** | | | | |
| Name | **SANDERS, BRENDA** | DOB | **3/6/1959** | Place of Birth | |
| AKA | | Age | **52** | SSN | |
| Alert(s) | | Sex | **F - FEMALE** | DLN | |
| | | Race | **B - BLACK** | DLN State | |
| Address | **115 Sandbar Ln** | Ethnicity | **U - UNKNOWN** | DLN Country | |
| CSZ | **DETROIT, MI  48214** | Ht. | | Occupation/Grade | |
| | | Wt. | | Employer/School | |
| Home Phone | **313 598-4338** | Eye Color | | Employer Address | |
| Work Phone | **313 965-4370** | Hair Color | | Employer CSZ | |
| Email Address | | Facial Hair | | Res. County | |
| | | Complexion | | Res. Country | |
| Attire | | | | Resident Status | **R - RESIDENT OF THE COMMUNITY, CITY, OR TOWN WHERE THE OFFENSE OCCURRED** |
| Injury | | | | | |
| Circumstances | | | | Testify | **YES** |

| Law Enforcement Officer Killed or Assaulted Information | Type | | Justifiable Homicide Circumstances | |
|---|---|---|---|---|
| | Assignment | | | |
| | Activity | | | |
| | Other ORI | | | |

Victim Offender Relationships
| Offender | Relationship |
|---|---|
| **S1** | **99 - RELATIONSHIP UNKNOWN** |

Victim Notes

---

## Victim V2: [E] THRIFTY CAR RENTAL

| | | | | | |
|---|---|---|---|---|---|
| Victim Code | **V2** | Victim Of | **2999 - DAMAGE TO PROPERTY (OTHER)** | | |
| Victim Type | **B - BUSINESS** | | | | |
| Name | **[E] THRIFTY CAR RENTAL** | DOB | | Place of Birth | |
| AKA | | Age | | SSN | |
| Alert(s) | | Sex | | DLN | |
| | | Race | | DLN State | |
| Address | **1636 Aviation Way** | Ethnicity | | DLN Country | |
| CSZ | **AUGUSTA,GA 30906** | Ht. | | Occupation/Grade | |
| | | Wt. | | Employer/School | |
| Home Phone | | Eye Color | | Employer Address | |
| Work Phone | **706 771-9002** | Hair Color | | Employer CSZ | |
| Email Address | | Facial Hair | | Res. County | |
| | | Complexion | | Res. Country | |
| Attire | | | | Resident Status | |

Printed: September 1, 2011 - 8:13 PM

# DETROIT POLICE DEPARTMENT CRIME REPORT

DETROIT POLICE DEPARTMENT

Case No. **1109010414**
Report No. **1109010414.1**
Report Date: **9/1/2011**

# 3

Page 3 of 4

Injury

Circumstances

Testify

| Law Enforcement Officer Killed or Assaulted Information | Type | | Justifiable Homicide Circumstances | |
|---|---|---|---|---|
| | Assignment | | | |
| | Activity | | | |
| | Other ORI | | | |

Victim Offender Relationships
Offender          Relationship

Victim Notes

## Property Description Item 1: 3501 - AUTOMOBILE (NOT STOLEN OR RECOVERED) - REAR DRIVERS SIDE TIRE DAMAGE

| | |
|---|---|
| Item No. | **1** |
| Property Category | **3501 - AUTOMOBILE (NOT STOLEN OR RECOVERED)** |
| Property Class | **03** |
| IBR Type | **03 - AUTOMOBILES** |
| UCR Type | **V - OTHER VEHICLE (NOT STOLEN OR RECOVERED)** |
| Status | **D - DESTROYED/DAMAGED/VANDALIZED** |
| Count | **1** |
| Value | **1** |
| Manufacturer | **FORD** |
| Model | **FUSION** |
| Serial No. | |
| License No. | **774ZQX** |
| Color | **GRY - GRAY** |
| Description | **REAR DRIVERS SIDE TIRE DAMAGE** |
| Vehicle Year | **2011** |
| Body Style | **4D - 4 DOOR** |
| State | **TN - TENNESSEE** |
| License Year | |
| Recovered Date/Time | |
| Owner | **V2 - [E] THRIFTY CAR RENTAL** |
| Disposition | |
| Evidence Tag | |
| Lock Seals | |
| Evidence Recovered Date/Time | |
| Evidence Recovered By | |
| Evidence Recovered From | |
| Evidence Location | |
| Alert(s) | |
| Drug Type | |
| Drug Quantity | |
| Drug Measure | |

Property Notes

## Property Description Item 2: 3501 - AUTOMOBILE (NOT STOLEN OR RECOVERED) - FRONT DRIVERS SIDE TIRE DAMAGE

| | |
|---|---|
| Item No. | **2** |
| Property Category | **3501 - AUTOMOBILE (NOT STOLEN OR RECOVERED)** |
| Property Class | **03** |
| IBR Type | **03 - AUTOMOBILES** |
| UCR Type | **V - OTHER VEHICLE (NOT STOLEN OR RECOVERED)** |
| Status | **D - DESTROYED/DAMAGED/VANDALIZED** |

NetRMS_MICR.rtf v2f

Printed: September 1, 2011 - 8:13 PM

# DETROIT POLICE DEPARTMENT CRIME REPORT

DETROIT POLICE DEPARTMENT

Case No. **1109010414**
Report No. **1109010414.1**
Report Date: **9/1/2011**

# 4

| | |
|---|---|
| Count | **1** |
| Value | **1** |
| Manufacturer | **TOYOTA** |
| Model | **FORE RUNNER** |
| Serial No. | **JT3HN86R019049242** |
| License No. | **6HZB39** |
| Color | **BLK - BLACK** |
| Description | **FRONT DRIVERS SIDE TIRE DAMAGE** |
| Vehicle Year | **2001** |
| Body Style | **SW - STATION WAGON** |
| State | **MI - MICHIGAN** |
| License Year | |
| | |
| Recovered Date/Time | |
| Owner | **V1 - SANDERS, BRENDA** |
| Disposition | |
| Evidence Tag | |
| Lock Seals | |
| Evidence Recovered Date/Time | |
| Evidence Recovered By | |
| Evidence Recovered From | |
| Evidence Location | |
| Alert(s) | |
| | |
| Drug Type | |
| Drug Quantity | |
| Drug Measure | |
| | |
| Property Notes | |

Printed: September 1, 2011 - 8:13 PM

**JS 44** (Rev. 12/07)  **CIVIL COVER SHEET**  *Wayne*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Brenda K. Sanders

**(b)** County of Residence of First Listed Plaintiff    Wayne
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

P.O Box 14816
DETROIT, MI 48214
In Pro Per (P37845)

**DEFENDANTS**

Century 21 Elegant Homes
PFG Mortgage Trust, Green
Planet Servicing, LLC, Twin View LLC
Janet Sykes    Oakland

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Roundtree Mortgage

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)

Citizen of This State

Citizen of Another State

Citizen or Subject of a Foreign Country

Case: 2:11-cv-13884
Judge: Rosen, Gerald E.
MJ: Hluchaniuk, Michael J.
Filed: 09-07-2011 At 10:06 AM
CMP Sanders v Century 21 Elegant Ho
mes, et al (tam)

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☒ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☒ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☒ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

190

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Fair Housing Discrimination Act of 1968
Brief description of cause:
breach of contract, harassment, fraud and misrepresentation

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 500,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE

DOCKET NUMBER

DATE  SEP 07 2011

SIGNATURE OF ATTORNEY OF RECORD    Brenda Sanders (P37845) In Pro Per

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?     ☐ .Yes    ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.          Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☒ Yes    ☐ No

If yes, give the following information:

Court: __36th District Court__

Case No.: __11-319733 LT__

Judge: __B. Pennie Millender__

Notes :