UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BRENDA K. SANDERS,

    Plaintiff,

v.

PFG MORTGAGE TRUST 1, *et al.*,

    Defendants.

Case No. 2:11-cv-13884-GER-MJH

Hon. Gerald E. Rosen

Magistrate Judge Michael J. Hluchaniuk

---

## DEFENDANT PFG MORTGAGE TRUST I AND GREEN PLANET SERVICING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant PFG MORTGAGE TRUST I ("PMT") and Green Planet Servicing, LLC ("GPS") for their answer to plaintiff Brenda K. Sanders's complaint state as follows:

1. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. PFG and GPS deny that Century 21 Elegant Homes, Inc. is a corporation. Upon information and belief, it is an assumed named for Ron Simpson & Associates, Inc. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2.

3. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.     PFG and GPS admit that Twin View LLC is a Michigan limited liability company. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5.     PFG and GPS deny that GPS is a limited liability company of the state of Connecticut. In further answer, GPS is a Delaware limited liability company whose principal place of business is in Connecticut. PFG and GPS admit the remaining allegations in paragraph 5.

6.     Denied. In further answer, PFG purchased the subject property at a mortgage foreclosure sale held on September 9, 2009. The property was not redeemed, and PFG became the owner by operation of law on March 9, 2010.

7.     Denied.

8.     PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.     Denied. In further answer, Clyzell and Carol Phillips owned the property and granted a mortgage to Mortgage Electronic Registration Systems, Inc. (solely as nominee for Bayrock Mortgage Corporation and its successors and assigns), which was assigned to PFG. PFG foreclosed the mortgage and purchased the property at the foreclosures sale. The Phillips never redeemed.

10.    Admitted.

11.    Denied.

12.    PFG and GPS admit that plaintiff made rental payments from September 2, 2010 to February 1, 2011.

13. GPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. GPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. To the extent that "Defendant" is referring to GPS and/or PFG, the allegations are denied. In further answer, PFG and GPS deny listing the subject property for sale.

16. Denied.

17. Denied..

18. PFG and GPS deny that they offered to sell the property. PFG and GPS admit that the property was leased to plaintiff. In further answer, the lease attached as Exhibit A speaks for itself. The paper entitled "Motion for Temporary Restraining Order Pending Hearing" attached as Exhibit A is part of the complaint under Fed. R. Civ. P. 10(c) and not a motion. PFG and GPS deny that plaintiff is entitled to the relief requested in the "Motion for Temporary Restraining Order Pending Hearing" and state as follows with respect to the allegations in each paragraph:

1. Admitted.

2. Denied.

3. Admitted.

4. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Denied. In further answer, PFG purchased the property on September 9, 2010, and owned the property subject to the right of redemption until March 9, 2010.

6. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

    7.    Denied. In further answer, PFG is entitled to possession of the property because plaintiff has failed to pay rent as required under the lease.

    8.    Denied.

    9.    PFG admits that it has sought an order of eviction.

    10.    Denied.

    11.    Denied.

PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18.

    19.    PFG and GPS admit that plaintiff obtained possession of the property on or about August 4, 2010. The lease agreement speaks for itself.

    20.    PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

    21.    Denied.

    22.    Denied.

    23.    PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

    24.    PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

    25.    PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

    26.    PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

    27.    Denied.

28. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Denied.

## COUNT ONE
## BREACH OF CONTRACT

31. PFG and GPS incorporate by reference their responses to the allegations in paragraphs 1-31 of the complaint.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT II
## FRAUD AND MISREPRESENTATION

36. PFG and GPS incorporate by references their responses to the allegations in paragraphs 1-35 of the complaint.

37. Denied.

38. Denied.

39. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. Denied.

42. Denied.

43. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. Denied.

## COUNT III
## HARASSMENT AND INTIMIDATION

45. PFG and GPS incorporate by reference their responses to the allegations in paragraphs 1-44 of the complaint.

46. Denied.

47. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53. Denied.

54. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

[55] PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph [55]

56. Denied.

47 [sic] Denied.

58. Denied. In further answer, Exhibit B speaks for itself.

## COUNT IV
## VIOLATION OF THE FEDERAL FAIR HOUSING DISCRIMINATION ACT OF 1968

59. PFG and GPS incorporate by reference their responses to the allegations in paragraphs 1-58 of the complaint.

60. Denied.

61. Denied.

62. Denied.

## COUNT V
## PREMISES LIABILITY

[sic] PFG and GPS incorporate by reference their responses to the allegations in paragraphs 1-62 of the complaint.

63. PFG and GPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64. PFG and GPS deny that it was under any obligation to make the alleged repairs. PFG and GPS further lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of the subject property.

65. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

Troy_633032_1

66. PFG and GPS deny that the lease prohibited plaintiff from making repairs. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conditions of the floor at the time of the alleged incident. .

67. Denied.

68. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations of the conditions of the subject property and the need for its repair. PFG and GPS deny that they have refused to repair any dangerous condition of which they have received notice.

70. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

## COUNT VII
## ILLEGAL ENTRY

71. PFG and GPS incorporate by reference their responses to the allegations in paragraphs 1-70 of the complaint.

72. Denied.

73. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74. PFG and GPS admit that the property is in a gated and restricted area and manned by security personnel. GPS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 74.

75. Denied.

Troy_633032_1

76. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76. In further answer, plaintiff consented to entry by the landlord or its agents under certain circumstances in accordance with the lease terms.

77. PFG and GPS lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78. Denied.

## AFFIRMATIVE DEFENSES

PFG and GPS assert the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to allege fraud and misrepresentation with particularity as required under Fed. R. Civ. P. 9(b).

3. Plaintiff's claims are barred, in part, by the statute of frauds.

4. Plaintiff's claims are barred by reason of laches, waiver, and estoppel.

5. Neither PFG nor GPS ejected plaintiff in a forcible or unlawful manner.

6. Plaintiff's damages, if any, were caused by the wrongdoing of others for whom PFG and GPS have no liability.

7. Plaintiff's damages, if any, were caused by her or her agent's own actions or inactions.

8. Neither PFG nor GPS breached any applicable duty to plaintiff.

9. Plaintiff has failed to mitigate her damages.

10. PFG has not offered the property for sale since it acquired ownership. Thus, plaintiff's right of first refusal has not been triggered.

PFG and GPS reserve the right to assert additional affirmative defenses that may become known to them through discovery or otherwise.

BODMAN PLC

By: /s/ Brian C. Summerfield
Brian C. Summerfield (P57514)
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
bsummerfield@bodmanlaw.com
Attorneys for Defendant PFG Mortgage Trust I and Green Planet Servicing, LLC

October 4, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and that such papers were served by ECF upon the attorneys of record.

/s/  Brian C. Summerfield
Brian C. Summerfield (P57514)
Bodman PLC
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6075
bsummerfield@bodmanlaw.com
