UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,

        Plaintiff,                      No. 11-CV-13884

vs.                                      Hon. Gerald E. Rosen

PFG MORTGAGE TRUST I, GREEN
PLANET SERVICING, LLC, JANET
SYKES, CENTURY 21 ELEGANT
HOMES, ROUNDPOINT
MORTGAGE and TWIN VIEW, LLC,

        Defendants.
_____/

MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR JUDGMENT
ON THE PLEADINGS ON THE SOLE FEDERAL CLAIM IN PLAINTIFF'S
COMPLAINT AND DECLINING TO EXERCISE JURISDICTION
<u>OVER PLAINTIFF'S STATE LAW CLAIMS</u>

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         February 29, 2012

PRESENT:   Honorable Gerald E. Rosen
                    United States District Chief Judge

I.  INTRODUCTION

Plaintiff Brenda K. Sanders rented a condominium located at 115 Sandbar Lane in Detroit, Michigan from Defendant PFG Mortgage Trust I pursuant to a written lease agreement (the "Lease") executed on July 26, 2010. She ceased making the payments due under the Lease on February 1, 2011. After PFG filed an action to recover

1

possession of the property in State court, Ms. Sanders, acting *pro se*, filed a Complaint in this Court to stop her eviction alleging that PFG and its agents violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq*., and are also liable to her for breach of contract, fraud and misrepresentation, "harassment and intimidation", premises liability and illegal entry. This matter is now before the Court on the Motion of the Defendants for Judgment on the Pleadings. Plaintiff has responded to Defendants' Motion and Defendants have replied.

Having reviewed Defendants' motion, the parties' briefs, and the Court's entire file of this matter, the Court has concluded that oral argument would not assist in the resolution of this matter. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court will dispense with any hearing and will decide this motion "on the briefs."

For the reasons set forth below, the Court will grant Defendants' Motion for Judgment on the Pleadings on Plaintiff's claim of violation of the Fair Housing Act, but declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Those state law claims, therefore, will be dismissed, without prejudice.

## II. FACTUAL BACKGROUND

On September 9, 2009, PFG purchased the condominium located at 115 Sandbar Lane in Detroit, Michigan at a foreclosure sale. The former owners of the condominium were Carol and Clyzell Phillips. The redemption period expired on March 9, 2010. The Phillips never redeemed, and PPG became the owner of the property by operation of law.

In June 2010, Plaintiff Brenda Sanders approached Janet Sykes, an agent for Ron Simpson & Associates, Inc., d/b/a Defendant Century 21 Elegant Homes, who had listed the condominium for sale on behalf of the Phillips prior to the expiration of the redemption period, to inquire about purchasing the property. Plaintiff was informed that PFG was now the owner of the property and was not offering the property for sale, but that it was available to lease. PFG thereafter agreed to lease the property to Plaintiff. A lease agreement was executed by the parties on July 26, 2010. [*See* Defendants' Ex. 2.] PFG's agent and affiliate, Defendant Green Planet Servicing, LLC, General Property Manager for PFG, executed the Lease on PFG's behalf. Defendant Twin View LLC was thereafter retained to be PFG's Local Property Manager.

Under the terms of the Lease, PFG agreed to give Plaintiff the first right of refusal to purchase the property. PFG, however, has never offered the property for sale.

Plaintiff took possession of the property in August 2010. She made payments under the Lease from September 2, 2010 through January 2011 but ceased making payments as of February 1, 2011. Plaintiff failed to cure her default under the terms of the Lease. Therefore, PFG brought an action to recover possession of the property in Michigan 36th District Court. In an attempt to block her eviction, Plaintiff instituted the instant action.

By way of a pre-discovery motion for judgment on the pleadings filed immediately after the filing of their Answer to the Complaint, Defendants seek dismissal, with prejudice, of Plaintiff's Complaint, in its entirety.

3

### III.  DISCUSSION

A.   APPLICABLE STANDARDS

Motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) are analyzed under the standards which govern Rule 12(b)(6) motions to dismiss for failure to state a claim. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir.2008).  The only difference is that, on a motion for judgment on the pleadings, the Court reviews not only the complaint, but also the answer and any written instruments attached thereto.  *Edwards v. Calpin* 2011 WL 1321400, *2 (M.D. Pa. 2011); *see also Housing Auth. Risk Retention Group, Inc. v Chicago Housing Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) ("In a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits.")  As when considering a motion to dismiss under Rule 12(b)(6), the Court may also consider "matters of public record," such as documents recorded with the Register of Deeds. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).  The Court accepts the complaint's allegations as true, and construes those allegations in the plaintiff's favor.  The court need not accept as true legal conclusions or unwarranted factual inferences.  *Id.*  Further, to survive a motion to dismiss, or for judgment on the pleadings, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

B.  DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S FAIR HOUSING ACT CLAIM

In her Complaint, Plaintiff Sanders alleges a claim of violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq*., and various Michigan common law claims. With regard to her Fair Housing Act claim (Count IV of the Complaint), Plaintiff alleges:

> 60.  That Defendants have . . . discriminate[d] against the Plaintiff relating to the refusal to sale [sic] the subject property to Plaintiff.
>
> 61.  That the Defendants have offered different terms to the Plaintiff [than] those offered to the public just prior to the executing of the lease agreement entered into with the Plaintiff.
>
> 62.  That furthermore, Janet Sykes, acting as agent and broker for the Defendants, has continued to harass, coerce, intimidate and interfere with Plaintiff's exercise of her fair housing rights.

Complaint, ¶¶ 60-62.

In relevant part, the Fair Housing Act provides:

> (a) It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin.
>
> (b)   As used in this section, the term "residential real estate-related transaction" means any of the following:
>
>> (1) The making or purchasing of loans or providing other financial assistance--
>>
>>> (A) for purchasing, constructing, improving,

>>repairing, or maintaining a dwelling; or

>>(B) secured by residential real estate.

>(2) The selling, brokering, or appraising of residential real property.

42 U.S.C. § 3605.

To state a claim under Section 3605 of the FHA, the plaintiff must plead that (1) she was a member of a protected class; (2) she attempted to engage in a "real estate-related transaction" with the defendants, and met all relevant qualifications for doing so; (3) the defendants refused to transact business with the plaintiff despite her qualifications; and (4) the defendants continued to engage in that type of transaction with other similarly-situated parties. *Michigan Protection and Advocacy Service, Inc. v. Babin*, 18 F.3d 337, 345 (6th Cir. 1994). *See also Hood v. Midwest Savings Bank*, 95 Fed. Appx. 768, 778 (6th Cir. 2004) (citing *Babin* and noting that the same four elements are required to state a claim under the FHA as are required to state a claim under the Equal Credit Opportunity Act).

In considering the instant motion, the Court's task is to evaluate whether a cognizable FHA claim has been pleaded in Plaintiff's complaint. *See Scheid v. Fanny Farmer Candy Shops*, 859 F.2d 434, 436 (6th Cir. 1988). To survive Defendants' motion, Plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under [the FHA]." *Id. See also NHL Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir.2005); Jackson v. Thompson*, 2006 WL 1697631 (S.D. Ohio 2006). The complaint must include

6

sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly, supra*, 550 U.S. at 555.

Plaintiff's Complaint makes neither direct nor inferential allegations with respect to the material elements necessary to sustain a recovery under the Fair Housing Act.

First, there is no allegation whatsoever anywhere in the Complaint as to what protected class is involved. Nowhere in her Complaint does Plaintiff indicate her race, color, sex, religion, national origin, or familial status, nor does she allege that she is handicapped. Second, Plaintiff fails to allege that any Defendant treated her differently than any similarly-situated person, non-protected class member or otherwise. *See Hood v. Midwest Savings Bank, supra*; *see also Bazzy v. IndyMac Mortgage Services*, 2010 WL 707371 (E.D. Mich. 2010) (Rule 12(b)(6) motion to dismiss granted where other than the fact that the plaintiffs were of Indian descent, the plaintiffs made no specific factual allegations to support claim of discrimination under the ECOA). Here, Plaintiff merely broadly asserts that she was offered different terms than terms offered "to the public." Further, Plaintiff does not identify the Defendant or Defendants whom she claims perpetrated this alleged discrimination.

Plaintiff makes no attempt to cure these deficiencies in her Response. In her cursory three-page Response, Plaintiff states only, without any citation of authority, that she "should be allowed to conduct discovery [before] the Court can determine [whether] a motion for judgment on the pleadings should be granted." *See* Plaintiff's Response, p. 3. Plaintiff's argument does not comport with *Iqbal* or *Twombly*. In *Iqbal* -- which

happens to have been a discrimination case -- the United States Supreme Court rejected this same argument and made clear that "the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." 129 S.Ct. at 1953, citing *Twombly*, *supra*, 550 U.S. at 559, 127 S.Ct. 1955 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side" (internal quotation marks and citation omitted)). The Court's role when presented with a Rule 12(b)(6) or Rule 12(c) motion is to determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949. (quoting *Twombly*, 550 U.S. at 557). Plaintiff's Complaint in this case lacks such sufficient factual allegations to state a claim of discrimination "that is plausible on its face." *Iqbal*, *supra*. Therefore, dismissal of Plaintiff's Fair Housing Act claim is, therefore, proper. *See Jackson v. Thompson*, 2006 WL 1697631 (S.D. Ohio 2006).

      For the foregoing reasons, Defendants' motion for judgment on the pleadings will be granted on Plaintiff's Fair Housing Act claim in Count IV.

C.    THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING CLAIMS IN PLAINTIFF'S COMPLAINT

      Plaintiff's federal Fair Housing Act claim is the only claim over which this Court has original subject matter jurisdiction. Diversity jurisdiction is not present and all of

Plaintiff's other claims present purely questions of state law. The only basis for the Court's jurisdiction over Plaintiff's state law claims is by way of supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

However, pursuant to 28 U.S.C. § 1367(c)(3) a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. The Court, here, declines to so exercise its jurisdiction over Plaintiff's state law claims. Therefore, they will be dismissed, without prejudice.

D.  PLAINTIFF HAS FAILED TO PRESENT A PROPER MOTION TO AMEND HER COMPLAINT

More than a month after all of the briefing on Defendant's Motion for Judgment on the Pleadings, Plaintiff filed a one-page, threadbare "Motion for Leave to Amend Complaint" in which she states only that "any alleged defects that may be found in the Plaintiff's Complaint can and will be cured by an actual amendment of the Complaint." Plaintiff never argued in her response to the motion for judgment on the pleadings that she should be allowed to amend or cure deficiencies in her Complaint, nor did she allege in her response any new facts or claims for the Court's consideration. She has not done so in her motion for leave to amend, either. She does not state what her amendment would be and did not attach to her motion to amend a proposed amended complaint as required by Eastern District of Michigan Local Rule 15.1.

Under Fed.R.Civ.P. 15(a)(2), leave to amend a complaint "shall be freely given when justice so requires." To determine whether "justice so requires," "the court must

9

have before it the substance of the proposed amendment." *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 906 (6th Cir.2002); *see also Kostyu v. Ford Motor Co.*, No. 85–1207, 1986 WL 16190, at *2 (6th Cir. July 28, 1986) (denying plaintiff's motion to amend because "plaintiff did not submit a proposed amended complaint and failed to disclose what amendments he intended to make").

Here, Plaintiff's motion to amend fails to provide either a proposed amended complaint or a description of the proposed amendments. The motion fails to allege any additional facts or articulate the bases for any of Plaintiff's claims. Thus, the Court has no basis for finding that "justice so requires" leave to amend. Accordingly, the Court concludes that Plaintiff's motion to amend should be denied. *See Glick v. Farm Credit Servs. of Mid–America, FLCA*, 2010 WL 3118673, at *1 (N.D. Ohio Aug. 6, 2010) (finding plaintiff's *pro se* status did not relieve plaintiff of the obligation to provide the court with the substance of the proposed amendment).

## CONCLUSION

For all of the reasons stated above,

IT IS HEREBY ORDERED that Defendant's Motion for Judgment on the Pleadings **[Dkt. # 11]** is GRANTED as to Count IV of Plaintiff's Complaint. Accordingly, Count IV of Plaintiff's Complaint is DISMISSED, with prejudice.

Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining claims in Plaintiff's Complaint. Therefore,

IT IS FURTHER ORDERED that Plaintiff's state law claims in Plaintiff's

10

Complaint are DISMISSED, WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend Complaint **[Dkt. # 17]** is DENIED.


        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: February 29, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 29, 2012, by electronic mail and upon Brenda K. Sanders, P.O. Box 14816, Detroit, MI 48214 by ordinary mail.

        s/Ruth A. Gunther
        Case Manager