# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: April 15, 2013

Brenda K. Sanders
P.O. Box 14816
Detroit, MI 48214

Mr. Brian C. Summerfield
Bodman
1901 Street Antoine Street
Sixth Floor
Detroit, MI 48226

           Re: Case No. 12-1373, *Brenda Sanders v. PFG Mortgage Trust 1, et al*
               Originating Case No. : 2:11-cv-13884

Dear Sir or Madam,

  The Court issued the enclosed (Order/Opinion) today in this case.

                      Sincerely yours,

                      s/Cheryl Borkowski
                      Case Manager
                      Direct Dial No. 513-564-7035

cc:  Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 12-1373

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> **FILED**
> Apr 15, 2013
> DEBORAH S. HUNT, Clerk

BRENDA K. SANDERS,	)
	)
    Plaintiff-Appellant,	)
	)
v.	)	ON APPEAL FROM THE UNITED
	)	STATES DISTRICT COURT FOR
PFG MORTGAGE TRUST 1; GREEN	)	THE EASTERN DISTRICT OF
PLANET SERVICING, LLC; JANET	)	MICHIGAN
SYKES; CENTURY 21 ELEGANT HOMES;	)
ROUNDPOINT MORTGAGE; TWIN VIEW,	)
LLC,	)
	)
    Defendants-Appellees.	)

O R D E R

Before: BOGGS and MOORE, Circuit Judges; FORESTER, District Judge.[*]

Brenda K. Sanders, a Michigan resident proceeding pro se, appeals the district court's judgment granting the defendants' motion for judgment on the pleadings against her claim arising under the Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq., and declining to exercise supplemental jurisdiction over her state-law claims. This case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C). Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Sanders entered into a lease agreement with PFG Mortgage Trust 1 for a condominium located in Detroit, Michigan. The lease agreement gave Sanders right of first refusal to purchase the property at the end of the lease term. Prior to the end of the lease term, however, PFG informed Sanders that it would not be offering the property for sale. Sanders then ceased making payments under the lease.

---

[*]The Honorable Karl S. Forester, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

PFG filed a state-court action to recover possession of the property. Sanders filed the instant complaint in federal court to stop the eviction, alleging that the defendants violated the FHA and various state laws. The defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The district court granted the defendants' motion with respect to Sanders's FHA claim. The court dismissed Sanders's state-law claims, declining to exercise supplemental jurisdiction over them. Sanders appealed.

We review a district court's decision granting a Rule 12(c) motion for judgment on the pleadings under the same de novo standard that applies to a decision granting a motion to dismiss under Rule 12(b)(6). *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "Under that standard, we construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Id.* To withstand a Rule 12(c) motion, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id.*

Sanders failed to allege facts sufficient to state a claim against the defendants under the FHA. To state a claim under the FHA, a plaintiff must plead that:

> (1) [she was] a member of a protected class; (2) [she] attempted to engage in a real estate-related transaction with [the defendants], and met all relevant qualifications for doing so; (3) [the defendants] refused to transact business with [her] despite [her] qualifications; and (4) the defendants continued to engage in that type of transaction with other parties with similar qualifications.

*Mich. Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 346 (6th Cir. 1994) (internal quotation marks omitted). Sanders did not allege that she was a member of a protected class. Moreover, she did not allege that the defendants offered the property for sale to other parties after the defendants refused to sell the property to her. Accordingly, the district court properly determined that Sanders had not adequately pled a violation of the FHA. Sanders's argument that the district court erred by not allowing her to conduct discovery prior to its judgment is without merit. *See New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011).

No. 12-1373
- 3 -

Sanders argues that the district court improperly dismissed her state-law claims. First, the district court determined that it lacked subject-matter jurisdiction over Sanders's state-law claims based on diversity of citizenship. *See* 28 U.S.C. § 1332. We review de novo a district court's conclusion as to whether diversity jurisdiction exists. *Charvat v. NMP, LLC*, 656 F.3d 440, 446 (6th Cir. 2011). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Here, diversity jurisdiction does not exist because Sanders's complaint indicates that several of the defendants are, like her, citizens of Michigan. *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). Accordingly, the district court properly determined that it lacked subject-matter jurisdiction over Sanders's state-law claims.

Second, the district court declined to exercise supplemental jurisdiction over Sanders's state-law claims. "We review a district court's decision declining to exercise supplemental jurisdiction for an abuse of discretion." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 709 (6th Cir. 2012). A district court may decline to exercise supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The district court did not abuse its discretion because it properly dismissed the FHA claim and properly determined that it lacked original jurisdiction over the remaining state-law claims based on diversity.

For the foregoing reasons, the district court's judgment is affirmed. Fed. R. App. P. 34(a)(2)(C).

ENTERED BY ORDER OF THE COURT

Clerk